UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRANTZ DOMINIQUE CONSEILLANT
also known as FRANK DOMINIQUE CONSEILLANT,

                              Plaintiff,              DECISION AND ORDER

-vs-

                                                         01-CV-6361 CJS

DEPUTY CERIO, SERGEANT GROVER, et al

                              Defendants.

_____

      The Court is in receipt of plaintiff's letter to Deputy Court Clerk Ghysel in which he states that he has forwarded "for formal filing" his "moving papers ordering the court reporter to furnish [him] with a complete and true copy of all the transcripts in the above civil suit action." In addition, the Court has reviewed plaintiff's Notice of Appeal and the lengthy attachment to it, which also includes a motion for injunctive relief. For the reasons stated below, both of plaintiff's applications are denied.

Section 752 of Title 28, U.S. Code, provides in pertinent part as follows:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753 (1996); *see also McCarthy v. Bronson*, 906 F.2d 835, 841 (2d Cir.1990), *aff'd*, 500 U.S. 136 (1991). In order for the Court to determine whether it should authorize a free transcript, the Court has reviewed plaintiff's 17-page attachment to his Notice of Appeal, in which he lays out his grounds for the appeal. Those grounds include the following claims:

   (1) new facts show that defendants were trying to murder plaintiff by giving him two

       medications, Robaxin and Ibuprofen (Notice of Appeal Attachment, at 1);

(2) Dr. John W. Alves misdiagnosed plaintiff with hepatitis (Notice of Appeal Attachment, at 3);

(3) plaintiff was suffering from major depression, but could not obtain treatment (Notice of Appeal Attachment, at 4);

(4) plaintiff was illegally "convicted for [sic] a misdemeanor as a felony" then illegally sentenced to twenty years to life (Notice of Appeal Attachment, at 7);

(5) that during the trial in this case, he came to realize that the force used against him was legal, but that defendants admitted they did not allow him to bring his court papers to court (Notice of Appeal Attachment, at 7); and

(6) that he could not be expected to represent himself after a use of force (Notice of Appeal Attachment, at 8).

Also attached to plaintiff's Notice of Appeal is a motion for injunctive relief. In that motion, plaintiff seeks an order "to compel the defendants to act 100% truthfully and 100% lawfully." In support of his application, which the Court construes as a request for injunctive relief, plaintiff alleges that "[t]he Department of Correctional Services has the human intelligence and the manpower to stop the flow of weapons and violence in the prison system, but they make money from the S.H.U. And the criminal behavior of staff and inmates." (Notice of Motion Attachment, at 2.)

Turning first to plaintiff's application for free transcripts, nothing he has provided to the Court in support of his motion shows that transcripts of his trial are necessary. Plaintiff admitted that during the course of the trial, he came to realize that the force used against him was reasonable. Since that was the only issue at the trial, plaintiff has essentially conceded the correctness of the jury's verdict. Moreover, plaintiff has set forth no theory for appeal from the judgment. His extensive attachment to the Notice of Appeal cites only to "new evidence"

of claims against those who not defendants in this case. Therefore, his motion for a free transcript is denied.

With regard to plaintiff's motion for an injunction, the Court notes that this case is closed and plaintiff has filed a Notice of Appeal. "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Thus, to the extent plaintiff seeks injunctive relief pertaining to the aspects of the case involved in his appeal, the Court is without jurisdiction to act. Further, even if the Court had jurisdiction to consider issuing injunctive relief, plaintiff's allegations are, for the most part, "fanciful," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), "fantastic," *id.*, at 328, and "delusional," *ibid*. "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Finally, and moreover, plaintiff has not met his burden for obtaining injunctive relief. As the Second Circuit held in *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27 (2d Cir. 1995):

> A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*Tom Doherty Associates*, 60 F.3d at 33. Plaintiff's complaint concerned what he alleged was excessive force used against him. Since the jury determined, after a full trial on the merits, that he did not prove his allegations by a preponderance, this Court determines that plaintiff has not shown a likelihood of success on the merits of his complaint, or a sufficiently serious question going to the merits to make them a fair ground for litigation and a balance of

hardships tipping decidedly in plaintiff's favor. Accordingly, plaintiff's motion for an order "to compel the defendants to act 100% truthfully and 100% lawfully" is denied.

It Is So Ordered.

DATED:     Rochester, New York
           January _1, 2007

                      ENTER.


                      s/ Charles J. Siragusa
                      CHARLES J. SIRAGUSA
                      United States District Judge